**646**

Jennie CINOCCA, Individually and as Administratrix of the Estate of Edward F. Cinocca, Deceased, Plaintiff,

v.

BAXTER LABORATORIES, INC., a Delaware corporation, et al., Defendants.

Civ. A. No. 73–238.

United States District Court,
E. D. Oklahoma.

Aug. 28, 1974.

Eddie Harper, Warren Gotcher, Mc-Alester, Okl., for plaintiff.

William S. Hall, Tulsa, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

In this products liability case the action is based on an alleged defective heart valve. The person in whom the valve was inserted on June 25, 1968 died on December 8, 1971 allegedly because of the defective heart valve. The valve was manufactured and sold by Surgitool, Inc. On June 22, 1970 Surgitool, Inc. changed its name to Surgitool Liquidating Company, Inc. It appears that during the same year Defendant Travenol purchased the assets of Surgitool, Inc. Defendant Surgitool Liquidating Company, Inc. by motion now under consideration has attacked venue and jurisdiction in this Court against it and requests that the cause be dismissed as to it. Plaintiff resists the Motion. The Court has been presented with Affidavits in connection with the Motion. An evidentiary hearing has also been conducted regarding the Motion all being received or done pursuant to Schramm v. Oakes, 352 F.2d 143 (Tenth Cir. 1965).

As above stated, in June 1970 Surgitool, Inc. changed it's name and apparently merged into Surgitool Liquidating Company, Inc. It is assumed that Surgitool Liquidating Company is therefore the successor to Surgitool, Inc., the capacity in which it has been sued herein. Surgitool Liquidating Company has been served by long arm service under Oklahoma law. Plaintiff relies principally upon 12 OSA § 1701.03[1] as the basis for this Court having personal jurisdiction over Surgitool Liquidating Company, Inc. (as the successor to Surgitool, Inc.)

1. 12 OSA § 1701.03 which reads in pertinent part as follows:

"(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action or claim for relief arising from the person's:

(4) causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state; "

for Plaintiff's cause of action in which it is alleged that Surgitool, Inc. caused Plaintiff's death in Oklahoma by an act or omission committed by it outside this state in its manufacture of said heart valve and on the further claim that Surgitool, Inc. at times pertinent did business in Oklahoma, engaged in a persistent course of conduct in Oklahoma and derived substantial revenue from goods used or consumed in this state.

The evidence presented reveals that Surgitool, Inc. sold and shipped twenty five (25) heart valves into the Tulsa area of the State of Oklahoma over a persistent thirty month period; that the only heart valves used in the Tulsa area during the period above indicated were supplied by Surgitool, Inc.; that Surgitool, Inc. derived a revenue from such sales in the amount of $5,571.00 and that such conduct of Surgitool, Inc., in selling and shipping heart valves into the Tulsa area of Oklahoma over said period of time and in deriving the above revenue from said sales over said period of time, amounted to it engaging in a persistent course of conduct with reference to the State of Oklahoma.

The Court therefore concludes at this time, without prejudice to reconsideration at the trial, that the Court has venue and jurisdiction over Surgitool Liquidating Company, Inc. (as successor to Surgitool, Inc.) for Plaintiff's cause of action against it on the basis of the showing that Plaintiff sustained an injury in this state by an alleged act or omission committed outside of this state by Surgitool, Inc. and further that at pertinent times involved Surgitool, Inc. regularly did business in Oklahoma, engaged in a persistent course of conduct in Oklahoma and derived substantial revenue from goods used or consumed in this state.

The Court therefore finds and concludes under the evidence and applicable law, but without prejudice to reconsideration at the trial herein, that the Court has venue and jurisdiction over Surgitool Liquidating Company, Inc. as suc-

cessor to Surgitool, Inc. and the Motion under consideration should be overruled.

It is therefore ordered this 28 day of August, 1974 that the Motion of Defendant, Surgitool Liquidating Company, Inc. to Quash Summons and Plea to Venue and Jurisdiction of the Court as to it is overruled. Said Defendant will answer the Complaint herein within twenty (20) days from the date hereof.